UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

JORGE L. ABREU
and other similarly-situated individuals,

    Plaintiff(s),

v.

FREE FLOW CONSTRUCTION, INC.,
And FELIPE A. RODRIGUEZ JR.,
Individually.

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, JORGE L. ABREU, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants FREE FLOW CONSTRUCTION, INC., and FELIPE A. RODRIGUEZ JR., individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JORGE L. ABREU is a resident of Miami-Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant FREE FLOW CONSTRUCTION, INC. (hereinafter FREE FLOW CONSTRUCTION, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant FELIPE A. RODRIGUEZ JR. was and is now, the owner, President, of Defendant Corporation FREE FLOW CONSTRUCTION, INC. (hereinafter FREE FLOW CONSTRUCTION, or Defendant). This individual Defendant was an employer, within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JORGE L. ABREU to recover from Defendants minimum wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT").

7. Corporate Defendant FREE FLOW CONSTRUCTION is a general residential and commercial construction company specialized in the installation of water and sewer lines.

8. Defendants FREE FLOW CONSTRUCTION, and FELIPE A. RODRIGUEZ employed Plaintiff JORGE L. ABREU as a non-exempt full-time construction employee from approximately April 3, 2017 through July 28, 2017, or 16 weeks.

9. Plaintiff was hired to work as a water and sewer pipe installer, with a wage rate of $13.00 an hour.  Plaintiff overtime rate should be $19.50 an hour.

10. Plaintiff worked under the supervision of the owner of the business FELIPE A. RODRIGUEZ JR.

11. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule.  Plaintiff worked from Monday to Friday from 7:00 AM to approximately 5:00

PM (10 hours each day). Thus, Plaintiff worked a total of 47.5 hours weekly, (Plaintiff has deducted 2.5 hours weekly of lunch break periods.

12. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all his overtime hours. Sometimes, Plaintiff was paid for a few hours, but most of the time, he was paid for 40 or less regular hours.

13. In addition, Defendants did not pay Plaintiff for overtime hours at the rate of time and a half his regular hourly rate.

14. Additionally, Plaintiff worked at least 4 Saturdays from 7:00 AM to 3:30 PM, or 8 hours (deducting half-time lunch hour). These 32 working hours on 4 Saturdays, constitute 32 additional unpaid overtime hours.

15. Defendants did not use any time keeping method, but they maintained a regular schedule, and they were able to keep track of hours worked by Plaintiff and other employees similarly situated. Plaintiff and other individuals similarly situated reported every day to Defendants' place of business to pick up equipment and materials. Plaintiff and other similarly situated employees were constantly monitored by manager FELIPE A. RODRIGUEZ.

16. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

17. During the last weeks of Plaintiff's employment, he was paid his regular wages with 4 bad checks, that Defendants never replaced. Defendants owe Plaintiff at least Four weeks of wages, or the total value of $1,846.00.

18. On or about July 30, 2017, Plaintiff was forced to terminate his employment with Defendants because he was working without proper compensation.

19. Plaintiff JORGE L. ABREU seeks to recover minimum wages, and overtime hours at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked in a week period, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

21. Plaintiff JORGE L. ABREU re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

22. This cause of action is brought by Plaintiff JORGE L. ABREU as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLSA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after April 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

23. Defendant FREE FLOW CONSTRUCTION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is construction company. Defendant had more than two employees recurrently engaged in

commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

24. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

25. Defendants FREE FLOW CONSTRUCTION, employed Plaintiff JORGE L. ABREU as a non-exempt full-time construction employee from approximately April 3, 2017 through July 28, 2017, or 16 weeks.

26. Plaintiff was hired to work as a water and sewer pipe installer, with a wage rate of $13.00 an hour.

27. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule. Plaintiff worked from Monday to Friday from 7:00 AM to approximately 5:00 PM (10 hours each day). Thus, Plaintiff worked a total of 47.5 hours weekly, (Plaintiff has deducted 2.5 hours weekly of lunch break periods.

28. Additionally, Plaintiff worked at least 4 Saturdays from 7:00 AM to 3:30 PM, or 8 hours deducting half-time lunch hour. These 32 working hours on 4 Saturdays, constitute 32 additional unpaid overtime hours.

29. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for all his overtime hours. Sometimes, Plaintiff was paid for a few hours, but most of the time, he was paid for 40 or less regular hours.

30. Therefore, Plaintiff was not paid for all his overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Defendants did not have any time-keeping method, but they maintained a regular schedule, and they were able to keep track of hours worked by Plaintiff and other employees similarly situated. Plaintiff and other individuals similarly situated reported every day to Defendants' place of business to pick up equipment and materials. Plaintiff and other similarly situated employees were constantly monitored by manager FELIPE A. RODRIGUEZ.

32. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

33. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. Plaintiff is not in possession of records at this moment, but will adjust his calculations after proper discovery.

a. <u>Total amount of alleged unpaid O/T wages</u>:

Two Thousand Nine Hundred Sixty-Four Dollars and 00/100 ($2,964.00)

b. <u>Calculation of such wages</u>:

Relevant weeks of employment: 16 weeks
Total hours worked: 47.5 hours weekly plus 32 O/T hours worked on 4 Saturdays
Total overtime hours: 7.5 O/T hours
Regular rate: $13.00 x 1.5= $19.50 O/T rate

1.- $19.50 O/T rate x 7.5 O/T hours=$146.25 x 16 weeks=$2,340.00
2.- $19.50 O/T rate x 32 O/T hours = $624.00

<u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid overtime wages.

35. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

37. At the times mentioned, individual Defendant FELIPE A. RODRIGUEZ was the owner, president, and manager of FREE FLOW CONSTRUCTION, respectively. Defendant FELIPE A. RODRIGUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of FREE FLOW CONSTRUCTION in relation to its employees, including Plaintiff and others similarly situated. Defendant FELIPE A. RODRIGUEZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

38. Defendants FREE FLOW CONSTRUCTION, and FELIPE A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE L. ABREU and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff JORGE L. ABREU and other similarly-situated individuals and against the Defendants FREE FLOW CONSTRUCTION, and FELIPE A. RODRIGUEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff JORGE L. ABREU, actual damages in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JORGE L. ABREU demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AS TO ALL DEFENDANTS

40. Plaintiff JORGE L. ABREU re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

41. This action is brought by Plaintiff JORGE L. ABREU and those similarly-situated to recover from the Employer FREE FLOW CONSTRUCTION unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

42. Defendant FREE FLOW CONSTRUCTION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is construction company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida

sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

43. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

44. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85  an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

45. Defendants FREE FLOW CONSTRUCTION, employed Plaintiff JORGE L. ABREU as a non-exempt full-time construction employee from approximately April 3, 2017 through July 28, 2017, or 16 weeks.

46. Plaintiff was hired to work as a water and sewer pipe installer, with a wage rate of $13.00 an hour.

47. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule.  Plaintiff worked from Monday to Friday from 7:00 AM to approximately 5:00 PM (10 hours each day). Thus, Plaintiff worked a total of 47.5 hours weekly, (Plaintiff has deducted 2.5 hours weekly of lunch break periods.

48. However, Plaintiff was not paid for all his hours worked.  Plaintiff was not paid for a substantial number of hours regular wages at any rate, not even the minimum wage as required by law.

49. For the last 4 weeks of employment Defendant paid Plaintiff his regular wages with bad checks that Defendants never replaced.  Defendants owe Plaintiff at least Four weeks of wages for the total value of $1,846.00.

50. The records, if any, concerning the number of hours worked by Plaintiff JORGE L. ABREU, and all other similarly-situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

51. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

52. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Florida minimum wage is $8.05, which is higher than Federal minimum wage. As per FLSA regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

      One Thousand One Hundred One Dollars and 60/100 ($1,101.60)

   b. <u>Calculation of such wages</u>:

>Total weeks of employment 16
>Total unpaid weeks:   4 weeks
>Total hours worked: 3 weeks of 40 hours weekly plus 2 days of 8 hours each.
>Federal minimum wage:  $7.25
>Florida minimum wage:  $8.10
>
>1.- 2017 Fl. minimum wage $8.10 x 40 hrs.= $324.00 x 3 weeks= $972.00
>2.- 2017 Fl. minimum wage $8.10 x 16 hrs.= $129.60
>
>Total 1 + 2:  $1,101.60

   c. <u>Nature of wages:</u>

   This amount represents unpaid minimum wages.

53. Defendant FREE FLOW CONSTRUCTION unlawfully failed to pay Plaintiff minimum wages. Plaintiff seeks to recover for minimum wage violations accumulated from the date of hire through Plaintiff's last date of employment.

54. Defendant FREE FLOW CONSTRUCTION knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

55. At the times mentioned, individual Defendant FELIPE A. RODRIGUEZ was the owner, president, and manager of FREE FLOW CONSTRUCTION, respectively. Defendant FELIPE A. RODRIGUEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that this individual Defendant acted directly in the interests of FREE FLOW CONSTRUCTION in relation to its employees, including Plaintiff and others similarly

situated. Defendant FELIPE A. RODRIGUEZ had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

56. Defendants FREE FLOW CONSTRUCTION, and FELIPE A. RODRIGUEZ willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

57. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JORGE L. ABREU and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JORGE L. ABREU and against the Defendants FREE FLOW CONSTRUCTION, and FELIPE A. RODRIGUEZ on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff JORGE L. ABREU and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: January 19, 2018

                                              Respectfully submitted

                                              By: **/s/ Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone: (305) 446-1500
                                              Facsimile:  (305) 446-1502
                                              zep@thepalmalawgroup.com
                                              *Attorney for Plaintiff*